**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4219**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JOHN ERWIN OVERBY, JR.,

    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:08-cr-00340-NCT-1)

Submitted: November 22, 2010   Decided: December 10, 2010

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Erwin Overby, Jr., was convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 200 months in prison. Overby now appeals, contending that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. We affirm.

We review de novo a district court's decision to deny a Rule 29 motion. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). We will sustain a verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." Id.; see Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Reid, 523 F.3d at 317 (internal quotation marks omitted). "[W]e can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We review both direct and circumstantial evidence and permit "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021

(4th Cir. 1982). "[W]e do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002).

To establish a violation of 18 U.S.C. § 922(g), the Government must prove: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received[] the firearm; and (3) the possession was in or affecting commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). It was stipulated at trial that the firearm in question had traveled in interstate commerce and that Overby was a convicted felon.

The remaining question is whether Overby knowingly possessed the firearm. Testimony at trial established that Overby was arrested following a traffic stop of his vehicle. During a search of the vehicle incident to the arrest, an officer discovered a handgun beneath the driver's floor mat. Overby was transported to police headquarters and interviewed. He admitted that the firearm was his, he had purchased it four or five years earlier from a coworker, and he had test-fired the gun. The interview was videotaped, and the recording was played for the jury. We conclude that this evidence establishes Overby's knowing possession of the firearm.

We hold that the evidence was sufficient to convict Overby of violating § 922(g)(1), and we therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED